**Anthony J. BIRD, Appellant,**

**v.**

**Gary KORNMAN and Joseph Van Voorhis, Appellees.**

No. 05–02–01692–CV.

Court of Appeals of Texas, Dallas.

Nov. 15, 2004.

Rehearing Overruled Jan. 12, 2005.

R. Michael Northrup, Cowles & Thompson, P.C., Keith A. Clouse, Alyson C. Brown, Clouse Dunn Hirsch LLP, Leonard A. Hirsch, Haynes & Boone, Dallas, for appellant.

Terrell W. Oxford, Susman Godfrey, LLP, Michael P. Lynn, Lynn Tillotson & Pinker, L.L.P., Dallas, for appellees.

Before Justices MORRIS, WRIGHT, and MOSELEY.

## OPINION

Opinion by Justice MOSELEY.

In this combined appeal and mandamus proceeding, we consider whether the trial court erred by dismissing with prejudice appellant Anthony J. Bird's claims against Gary Kornman and an unserved defendant Joseph Van Voorhis when the court or-

dered Bird to arbitrate his claims against The Heritage Organization, L.L.C. (Heritage). After submission of this appeal, Heritage filed for bankruptcy protection. By separate order, we severed Bird's appeal against Heritage and that appeal is suspended. TEX.R.APP. P. 8.2. We reinstated this appeal as to the non-bankrupt parties.

Because Bird has an adequate remedy by appeal we deny his petition for a writ of mandamus. Because Bird failed to preserve error as to the dismissal of his claims against Kornman, who was before the trial court, we affirm that portion of the order dismissing the claims against Kornman. However, we conclude the trial court's order dismissing Bird's claims against Van Voorhis is void because it purports to adjudicate the merits of Bird's claims against a party not before the court. We vacate the trial court's order as to Van Voorhis—leaving Bird's claims against him pending below—and remand for further proceedings.

### FACTUAL AND PROCEDURAL BACKGROUND

Based on the record before us, Heritage provided consulting services, including estate planning, tax, insurance, and financial services, to what the parties describe as the "super-wealthy," meaning individuals with a net worth in excess of $10 million. Heritage's chief executive was Gary Kornman; another Heritage employee was Joseph Van Voorhis.

Bird was a sales manager for a life insurance company providing consulting services to wealthy individuals. In 1998, Heritage recruited and hired Bird. They signed a "comprehensive" employment agreement dated August 21, 1998, consisting of fifty-two single-spaced pages. The agreement recited that Bird was given the

opportunity to review it and to consult with an attorney of his own choosing before signing it. The agreement also recited that Bird exercised independent judgment in entering into the agreement and did not rely on any representation or agreement not contained in the document. Both parties initialed each page and signed the agreement before a notary. The agreement contained, among other things, a confidentiality provision, a covenant-not-to-compete provision, and an arbitration provision.

After Bird had worked for Heritage for almost four years, a dispute arose between them over the payment of Bird's commissions and over what Bird characterizes as unethical business practices that Heritage required of its employees. In July 2002 Bird and another Heritage employee filed a joint demand for arbitration against Heritage and Kornman.[1] They requested a declaratory judgment, damages, and an accounting under several causes of action including breach of contract, fraud, and fraud in the inducement. Heritage objected to a joint arbitration with the two employees and sought to have the proceedings severed into separate arbitrations. According to Heritage, the American Arbitration Association (AAA) granted the request and Heritage and Kornman filed separate arbitration proceedings against each employee. In his brief, Bird states that he dropped his original arbitration proceeding because Heritage objected to his selection of an arbitrator and because Heritage filed separate arbitration proceedings against Bird and the other employee.

In August 2002 Bird filed this suit against Heritage, Kornman, and Van Voorhis. Bird asserted claims for damages

---

1. Bird stated in his demand that he was a party to an arbitration agreement in a written contract dated August 21, 1998, the date of his employment agreement.

for fraudulent inducement against Heritage, Kornman, and Van Voorhis and for breach of contract against Heritage. Bird also asserted claims against Heritage for a declaratory judgment that the covenant-not-to-compete was invalid and unenforceable, and a temporary and permanent injunction against enforcement of the covenant-not-to-compete. The fraudulent inducement claims were based on alleged misrepresentations by Kornman and Van Voorhis about Bird's compensation from and future equity ownership in Heritage; Heritage's marketing practices, trade secrets, and internal operations; Bird's role in the company and the products he would be required to sell; and the nature of Heritage's business. Bird did not, however, allege that the arbitration provision was fraudulently induced apart from the entire employment agreement.

Van Voorhis was never served and did not enter an appearance or participate in the case. Heritage and Kornman were served; Heritage (but not Kornman) moved to compel arbitration under the employment agreement, asking for a summary determination of its motion under the holding in *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 269 (Tex.1992).[2] Heritage's motion, supported by Kornman's affidavit, argued: (1) the arbitration provision was valid and that Bird's claims fell within its scope; (2) Bird had recognized the validity of the arbitration provision and its applicability to his claims by seeking arbitration of the same claims in his July 2002 arbitration demand; and (3) by previ-

ously demanding arbitration of his claims Bird waived any objection to arbitration. Heritage's motion also asserted that the arbitration provision applied to Bird's claims against Kornman and Van Voorhis because they were "affiliates" of Heritage.

Bird filed a response to the motion to compel arbitration supported by his own affidavit. He asserted as defenses that the arbitration provision was unconscionable because the onerous qualification requirements[3] for the arbitrators and other procedural requirements favored Heritage, and because the provision was not mutual in that it allowed Heritage to seek injunctive relief from a court to enforce the covenant-not-to-compete but precluded Bird from seeking such relief from a court.

Bird also asserted the arbitration provision was fraudulently induced based on Heritage's representations through Kornman and Van Voorhis that: (1) arbitration was necessary to protect Heritage's proprietary business information; (2) arbitration was more efficient and less costly than court proceedings; and (3) Kornman trusted the highly qualified arbitrators required under the agreement to decide a dispute more than a jury or judge. Bird argues these representations were false because Heritage did not own any proprietary business information not generally known or available from other sources, Heritage did not intend arbitration to be quick and efficient because it has required multiple arbitrations regarding a single claim, and the true reason Heritage wanted the arbitra-

---

**2.** Bird complains that Heritage filed this motion under seal without first obtaining an order sealing the record under TEX.R. CIV. P. 76a.

**3.** Each of the three arbitrators was required to be a chief executive officer and at least fifty percent owner of a for-profit corporation in Texas with gross revenues of over $30 million

for the prior year; not to be engaged in any consulting business including law, accounting, insurance, tax, or financial planning; to have personally earned at least $300,000 from that firm in the prior year; to sign a confidentiality agreement satisfactory to Heritage; and to have had no prior relationship of any kind with either of the parties.

tion provision was to conceal its allegedly unethical business practices. Bird claimed he would not have agreed to the arbitration provision if he had known the truth about these representations.

Bird requested an evidentiary hearing on the motion to compel because he claimed his affidavit controverted the material facts necessary to determine whether the arbitration provision was enforceable. Instead, the trial court conducted a summary hearing on Heritage's motion to compel arbitration. No evidence was adduced at the hearing, but the trial court heard argument from the attorneys for Heritage, Kornman, and Bird. Kornman's attorney entered an appearance for Kornman and argued in favor of Heritage's motion to compel arbitration. *See* Tex.R. Civ. P. 120 (defendant may enter appearance in open court). After hearing argument, the trial court took the motion under advisement.

The trial court later signed, without alteration, the proposed order submitted by Heritage with its motion to compel. The order granted the motion to compel arbitration and ordered Heritage and Bird to arbitrate all present or future disputes between them in the pending arbitrations filed by Heritage and Kornman against Bird.[4] In addition, the order dismissed with prejudice all of Bird's claims against Heritage, Kornman, and Van Voorhis, including Bird's claims against Heritage that the court had ordered to be arbitrated. Bird did not file any post-judgment motions with the trial court.

Bird appeals the trial court's order, asserting ten issues. In addition to his appeal, Bird filed an original proceeding in this court seeking a writ of mandamus based on the same issues as his appeal. Bird's original proceeding also seeks an order prohibiting the AAA, which was not a party below, from proceeding with a single arbitrator because the arbitration agreement calls for three arbitrators. We consolidated the original proceeding into the appeal.

Because of Heritage's bankruptcy and our severance of the appeal as to Heritage, we consider only the issues relating to Kornman and Van Voorhis. We characterize those issues as follows: (1) whether Bird may raise his complaints in the appeal rather than in an original mandamus proceeding; (2) whether the trial court erred in dismissing Bird's claims against Van Voorhis with prejudice when the court had not acquired personal jurisdiction over Van Voorhis; and (3) whether Bird preserved error regarding the dismissal of his claims against Kornman. Because of our resolution of these issues, it is unnecessary to reach Bird's other issues.

### APPEAL VERSUS MANDAMUS

To determine whether we should address Bird's issues in the context of an appeal or an original proceeding, we first consider our jurisdiction over Bird's appeal. The trial court dismissed Bird's claims against Kornman and Van Voorhis with prejudice based on Heritage's motion to compel arbitration. There is sufficient indication in the record that the arbitration agreement is subject to the Federal Arbitration Act (FAA)[5] as well as the Texas Arbitration Act (TAA).[6] Moreover, the parties do not dispute the applicability of the FAA to the arbitration agreement at issue. Normally an order compelling arbitration is interlocutory and not appealable

---

**4.** The trial court did not expressly order arbitration of Bird's claims against Kornman.

**5.** 9 U.S.C. §§ 1–16.

**6.** Tex. Civ. Prac. & Rem.Code Ann. §§ 171.001–.098 (Vernon Pamph.2004–05).

under either act. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 171.098; *Lipshy Motorcars, Inc. v. Sovereign Assocs., Inc.,* 944 S.W.2d 68, 69 (Tex.App.-Dallas 1997, no writ). The order in this case, however, only compelled arbitration of Bird's claims against Heritage. On its face it dismissed with prejudice all of Bird's claims against all defendants, dismissed the lawsuit with prejudice, taxed costs against Bird, and denied all other relief requested. Thus, the order disposed of all claims and all parties and was a final judgment for purposes of appeal. *See Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 205 (Tex.2001). We have jurisdiction over appeals from final judgments. *Id.* at 195; *see* TEX. CIV. PRAC. & REM.CODE ANN. § 51.012 (Vernon 1997); TEX. GOV'T CODE ANN. § 22.220(a) (Vernon 2004). Because the order dismissing Bird's claims against Kornman and Van Voorhis is a final judgment, we have jurisdiction over all issues in this appeal. As a result, we conclude Bird has an adequate remedy at law and we deny Bird's petition for a writ of mandamus.

■ We also deny Bird's request for a writ of mandamus preventing the AAA from proceeding with a single arbitrator. Bird has an adequate remedy under the TAA for the appointment of arbitrators. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 171.041 (court on application of party shall appoint qualified arbitrators if agreed method fails or cannot be followed). Further, Bird has not shown that the writ is necessary to enforce our jurisdiction to decide the appeal. *See* TEX. GOV'T CODE ANN. § 22.221(a) (court of appeals may issue writ of mandamus and all other writs necessary to enforce its jurisdiction). Absent this showing, we have no authority to issue a writ of mandamus to a private organization such as the AAA. *See id.* § 22.221(b) (court of appeals may issue writ of mandamus in accordance with law

against judge of district or county court within court of appeals district); *Silva v. Klevenhagen,* 833 S.W.2d 746, 747 (Tex. App.-Houston [1st Dist.] 1992, orig. proceeding) (court of appeals lacked jurisdiction to issue writ of mandamus to sheriff because he was not judge of district or county court and writ was not necessary to enforce jurisdiction of court of appeals). Having denied Bird's original proceeding, we now address the issues raised in the context of Bird's appeal.

### DISMISSAL WITH PREJUDICE

Bird's first four issues address the propriety of the trial court's judgment dismissing his claims with prejudice. He argues the trial court erred in: (1) dismissing all of his claims with prejudice; (2) dismissing with prejudice his claims against Van Voorhis, who was never served and never appeared; (3) entering a judgment dismissing his claims against Kornman and Van Voorhis, neither of whom filed a pleading requesting the judgment entered; and (4) entering a final judgment instead of staying any proceedings under the case. We address only those issues concerning Kornman and Van Voorhis.

### A. DISPOSITION OF CLAIMS AGAINST VAN VOORHIS

Bird complains the trial court erred in dismissing with prejudice his claims against Van Voorhis because Van Voorhis was never served, and therefore was not before the court. Because Bird did not file a motion or otherwise complain below about the trial court's judgment dismissing his claims with prejudice, we must determine whether his complaints have been preserved for appeal. *See* TEX.R.APP. P. 33.1.

Bird argues that the judgment dismissing his claims with prejudice against Van

Voorhis is void because the trial court did not have jurisdiction over Van Voorhis. Bird argues that a void judgment may be attacked and set aside in a direct attack such as his appeal.

■ A judgment is void where it appears that the trial court did not have subject matter jurisdiction, jurisdiction over the parties, capacity to act as a court, or jurisdiction to render the particular judgment at issue. *Mapco, Inc. v. Forrest,* 795 S.W.2d 700, 703 (Tex.1990) (per curiam). When faced with a void judgment on appeal, the appellate court should declare the judgment void. *See State ex rel. Latty v. Owens,* 907 S.W.2d 484, 486 (Tex. 1995) (citing *Fulton v. Finch,* 162 Tex. 351, 355–56, 346 S.W.2d 823, 827 (1961)). The appellate court has no jurisdiction to consider the merits of an appeal from a void judgment. *Ins. Co. of Pa. v. Martinez,* 18 S.W.3d 844, 847 (Tex.App.-El Paso 2000, no pet.); *Dallas County Appraisal Dist. v. Funds Recovery, Inc.,* 887 S.W.2d 465, 468 (Tex.App.-Dallas 1994, writ denied). Because jurisdiction is fundamental, it may be raised for the first time on appeal without the usual requirements for preservation of error or assignment of error. *Nuchia v. Woodruff,* 956 S.W.2d 612, 616 (Tex. App.-Houston [14th Dist.] 1997, pet. denied).

■ To issue a binding judgment concerning a party a court must possess personal jurisdiction over that party. *See CSR Limited v. Link,* 925 S.W.2d 591, 594 (Tex.1996). Such personal jurisdiction is invoked by the party's appearance before the court, or by the lawful service of process upon the party. *TAC Am., Inc. v. Boothe,* 94 S.W.3d 315, 318–19 (Tex.App.-Austin 2002, no pet.); *see also* Tex.R. Civ. P. 120, 124. Without personal jurisdiction over Van Voorhis the trial court had no jurisdiction to enter a judgment concerning Bird's claims against him. *See Mapco,*

*Inc. v. Carter,* 817 S.W.2d 686, 687 (Tex. 1991) (error to enter judgment against entity never made a party); *Fuqua v. Taylor,* 683 S.W.2d 735, 738 (Tex.App.-Dallas 1984, writ ref'd n.r.e.) ("Judgment may not be granted in favor of a party not named in the suit as a plaintiff or a defendant."); *see also* Tex.R. Civ. P. 161 (unserved defendant dismissed from suit "shall [not] be thereby exonerated from any liability").

The record shows that Van Voorhis was never served with process and never entered an appearance in this case. Thus, the trial court lacked jurisdiction over Van Voorhis, and its judgment disposing of Bird's claims against Van Voorhis on the merits is void. We vacate that part of the trial court's order dismissing Bird's claims against Van Voorhis with prejudice and, without regard to the merits, remand Bird's claims against Van Voorhis for further proceedings. *See Latty,* 907 S.W.2d at 486.

**B. DISPOSITION OF CLAIMS AGAINST KORNMAN**

■ Bird also complains that the trial court erred in dismissing with prejudice his claims against Kornman because, although Kornman had been served, he had not filed an answer seeking the dismissal of the claims against him or a motion seeking to compel arbitration of those claims. Kornman argues that this complaint was not preserved for appeal because Bird never presented it to the trial court.

■ The trial court had jurisdiction of the subject matter and parties with respect to Bird's claims against Kornman. Kornman entered his appearance and was before the court for all purposes. Thus, the trial court had jurisdictional power to adjudicate Bird's claims against Kornman on the merits, even if it would be error to

do so. *See Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex.2003) (judgment allegedly divesting husband of separate property "is not void because a court has jurisdiction to characterize community property—even if it does so incorrectly"). For example, a dismissal for want of prosecution is not a decision on the merits and should not be with prejudice. *See Rizk v. Mayad*, 603 S.W.2d 773, 775 (Tex.1980); *Melton v. Ryander*, 727 S.W.2d 299, 303 (Tex.App.-Dallas 1987, writ ref'd n.r.e.). However, the error in dismissing a case with prejudice cannot be raised for the first time on appeal and must be presented to the trial court. *See El Paso Pipe & Supply Co. v. Mountain States Leasing, Inc.*, 617 S.W.2d 189, 190 (Tex.1981); *Andrews v. ABJ Adjusters, Inc.*, 800 S.W.2d 567, 568–69 (Tex.App.-Houston [14th Dist.] 1990, writ denied). Because the trial court had jurisdictional power to act on Bird's claims against Kornman, Bird was required to present his complaint about the dismissal with prejudice to the trial court. Tex. R.App. P. 33.1; *McCain v. NME Hospitals, Inc.*, 856 S.W.2d 751, 755 (Tex.App.-Dallas 1993, no writ); *Andrews*, 800 S.W.2d at 568–69. To complain about an error in the judgment rendered, Bird was required to present the error to the trial court in a post-judgment motion such as a motion to alter or correct the judgment or motion for new trial. *Arthur's Garage, Inc. v. Racal–Chubb Sec. Sys., Inc.*, 997 S.W.2d 803, 816 (Tex.App.-Dallas 1999, no pet.).

■ Bird points out that Kornman filed no pleadings seeking dismissal with prejudice. In general, a trial court may not grant relief to a party in the absence of pleadings to support that relief. *Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 813 (Tex.1983); *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex.1979); *see also* Tex.R. Civ. P. 301 (judgment must conform to pleadings). Absent such pleadings,

Bird contends the order dismissing with prejudice his claims against Kornman is void, and this error can be raised for the first time on appeal.

■ However, as long as the court entering a judgment has jurisdiction of the parties and the subject matter and does not act outside its capacity as a court, the judgment is not void. *Forrest*, 795 S.W.2d at 703 (citing *Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex.1987)). The trial court's subject matter jurisdiction was invoked by *Bird's* pleadings for affirmative relief. That jurisdiction included the power to deny the relief, even if it would be erroneous to do so. *See El Paso Pipe & Supply*, 617 S.W.2d at 190; *Andrews*, 800 S.W.2d at 568–69. The trial court also had personal jurisdiction over both Bird and Kornman. Thus, it had jurisdiction to rule on Bird's claims against Kornman, including the power to dismiss them. Therefore, its order doing so is not void for lack of jurisdiction. We resolve Bird's first four issues relating to Kornman against him.

We have disposed of all issues as to Kornman and Van Voorhis. Because we have severed Heritage from this appeal, it is unnecessary for us to discuss Bird's remaining issues. Tex.R.App. P. 47.1.

### Conclusion

We deny Bird's petition for writ of mandamus. We have severed Bird's appeal of the trial court's order as to Heritage and that appeal is suspended due to Heritage's bankruptcy. We vacate that part of the trial court's order dismissing Bird's claims against Van Voorhis with prejudice and, without regard to the merits, remand those claims for further proceedings. The claims remain pending before trial court with Van Voorhis as a named but unserved defendant. We affirm that part of the

trial court's judgment dismissing Bird's claims against Kornman with prejudice.