Roderick STANSELL, Appellant

v.

DALLAS INDEPENDENT SCHOOL DISTRICT and Shirley J. Neeley, Commissioner of Education of the State of Texas, Appellees.

No. 05–05–00539–CV.

Court of Appeals of Texas, Dallas.

Jan. 24, 2006.

Daniel A. Ortiz, Ortiz & Associates, Arlington, for Appellant.

Lorraine J. Yancey, Dallas, George Warner, Asst. Atty. Gen., Austin, for Appellee.

Before Justices O'NEILL, FITZGERALD, and LANG.

**OPINION**

Opinion by Justice FITZGERALD.

Roderick Stansell appeals the trial court's decision affirming the Commissioner of Education's dismissal for want of jurisdiction of appellant's appeal of his employment termination by Dallas Independent School District (DISD). We affirm the trial court's judgment.

## FACTUAL BACKGROUND

Before July 2003, appellant did not have a teaching certificate. In October 2001, appellant received an emergency teaching permit. One of the conditions of the emergency permit was that appellant pursue completion of education courses required to obtain a teaching certificate. Appellant was hired by DISD for the 2001–2002 school year under a probationary contract. Appellant had not completed the requirements for a teaching certificate by the end of the 2001–2002 school year, and he signed another probationary contract with DISD for the 2002–2003 school year.

On December 18, 2002 and March 25, 2003, appellant received notice of the education and certification requirements he had to fulfill by June 30, 2003. The December 18, 2002 letter also informed appellant that failure to comply with the requirements by June 30, 2003 "will result in your separation from employment."

On June 11, 2003, Willie Crowder, DISD's Associate Superintendent of Human Resource Services, sent appellant a letter stating DISD had not received either the documentation necessary for continuance of appellant's emergency permit or a Texas teaching certificate for appellant. The letter stated appellant's contract would "be rendered Null and Void effective June 30, 2003," if the "Certification Office [did] not receive the official docu-

mentation by that date." The letter instructed appellant to telephone Cassandra Black or Christy Wilson if appellant believed the letter was in error.

On June 26, 2003, appellant telephoned Christy Wilson, a certification specialist at DISD, and told her that he had completed the requirements for his Texas teaching certificate but that University of North Texas would not have his official transcript prepared until after June 30. Appellant testified Wilson told him not to worry about the June 30 deadline and to pay the $75 fee for the teaching certificate.[1] Appellant did not pay the $75 until July 11, 2003. DISD was notified that appellant was approved for certification by the State Board of Educator Certification on July 23, 2003. Appellant received his Texas teaching certificate, which stated its "Official Record of Certification" was August 7, 2003, and its "Effective Date" was June 4, 2003. Appellant testified he was paid by DISD through August 31, 2003, which was the end of the term of his probationary contract.[2]

Appellant requested a hearing on his termination before a hearing examiner as provided by chapter 21 of the Education Code. *See* TEX. EDUC.CODE ANN. §§ 21.251–.259 (Vernon 1996 & Supp.2005). The hearing examiner found against appellant. The hearing examiner concluded that appellant's failure to comply with DISD's June 30 deadline for filing his certification constituted good cause to terminate appellant's employment during the probationary contract's term. *See id.* § 21.104 (Vernon 1996). The hearing examiner also concluded appellant failed to meet the terms of the contract by not timely filing his certifi-

cation, which rendered the contract void and unenforceable. The hearing examiner also recommended that the DISD board of trustees uphold DISD's recommendation to terminate appellant's contract. The hearing examiner also recommended the board of trustees uphold DISD's decision that appellant's contract was null and void. The hearing examiner further recommended that appellant "should be discharged from any teaching relationship with Dallas effective June 30, 2003, but receive whatever pay to which he was entitled for the year 2002–2003."

On November 19, 2003, the DISD board of trustees met to consider the hearing examiner's recommendation that appellant be discharged. *See id.* § 21.258. At the hearing, one member of the board of trustees asked how many other teachers were similarly situated, and Cassandra Black, DISD's director of certification, told the board that as of June 30, 2003, there were about 500 other teachers in appellant's position, that many of them, like appellant, had subsequently completed their certification, and some of them had returned "to the job." Another trustee immediately stated this information could not be considered. At that meeting, the board of trustees voted to adopt the findings of the hearing examiner and to terminate appellant's employment.

On December 5, 2003, appellant appealed the board of trustees' decision to the commissioner under section 21.301 of the Education Code. On January 23, 2004, the commissioner concluded it had no jurisdiction over the appeal and dismissed the appeal. Appellant timely filed suit in dis-

---

1. In Finding of Fact 26, the hearing examiner found "Christy told Stansell to have his certification fee by June 30, 2003."

2. Cassandra Black, DISD's director of certification, testified teachers were paid through August 31 for each school year even though the nine-month teaching period year ended in May or June.

trict court pursuant to section 21.307,[3] and the district court affirmed the commissioner's decision.

Appellant now appeals to this Court. Appellant brings three "issues and points" contending (1) the trial court erred in affirming the decision of the commissioner, (2) the commissioner erred in determining it lacked jurisdiction over appellant's appeal of the board of trustees' decision, and (3) that the commissioner's decision was not supported by substantial evidence. Appellant argues all three issues and points together, and we consider them together.

## ADMINISTRATIVE RELIEF UNDER CHAPTER 21 OF THE EDUCATION CODE

At the time of appellant's contract, chapter 21 of the Education Code described two ways in which a teacher under a probationary contract may be terminated. Under section 21.103, the teacher may be terminated at the end of the term of the contract. This decision may not be appealed. *Id.* § 21.103(a) (Vernon Supp.2005). The board of trustees must give the teacher "notice of its decision to terminate the employment to the teacher not later than the 45th day before the last day of instruc-

**3.** Appellant's judicial appeal to district court was due thirty days after the commissioner's decision. *See* TEX. EDUC.CODE ANN. § 21.307(a) (Vernon Supp.2005). Appellant filed suit on February 23, 2004. Because the thirtieth day, February 22, 2004, fell on a Sunday, appellant's judicial appeal was timely filed on Monday, February 23, 2004. *See* TEX.R. CIV. P. 4.

**4.** The code now provides a third means of terminating a probationary contract, section 21.0031. That section provides that a teacher's contract is "void" if the teacher does not hold a certificate or permit from the State Board for Educator Certification or fails to fulfill the requirements necessary to extend the teacher's temporary or emergency certifi-

tion required under the contract." *Id.* If the board of trustees fails to give the proper notice required in section 21.103(a), then "the board must employ the probationary teacher in the same capacity." *Id.* § 21.103(b). The second termination provision is section 21.104, which states that the teacher under a probationary contract "may be discharged at any time for good cause." *Id.* § 21.104 (Vernon 1996).[4]

Chapter 21 of the code contains a system of administrative relief. *Id.* §§ 21.251–.307 (Vernon 1996 & Supp.2005). The system of administrative relief begins with a hearing before a hearing examiner under subchapter F of chapter 21. Section 21.251 lists the conditions under which a hearing examiner has jurisdiction, as well as specific conditions under which it does not have jurisdiction.

(a) This subchapter applies if a teacher requests a hearing after receiving notice of the proposed decision to:

(1) terminate the teacher's continuing contract at any time;

(2) terminate the teacher's probationary or term contract before the end of the contract period; or

(3) suspend the teacher without pay.

(b) This subchapter does not apply to:

cate. In those situations, the school district may give the teacher notice that his contract is void and then, among other choices, terminate him. The termination is not subject to appeal under the provisions of chapter 21 of the Education Code. TEX EDUC.CODE ANN. § 21.0031 (Vernon Supp.2005). This section, however, did not apply to appellant's 2002–2003 contract because the contract was entered into before the effective date of the statute. *See* Act of May 9, 2003, 78th Leg., R.S., ch. 181, § 2, 2003 Tex. Gen. Laws 267, 267 ("This Act takes effect September 1, 2003, and applies only to a contract entered into by a school district and an educator on or after that date.").

(1) a decision to terminate a teacher's employment at the end of a probationary contract; or

(2) a decision not to renew a teacher's term contract, unless the board of trustees of the employing district has decided to use the process prescribed by this subchapter for that purpose.

*Id.* § 21.251 (Vernon 1996). Following a hearing, the hearing examiner makes a written recommendation that includes findings of fact and conclusions of law and may include a proposal for granting relief. *Id.* § 21.257(a) (Vernon Supp.2005).

The school district's board of trustees then meets to consider the hearing examiner's recommendation. *Id.* § 21.258 (Vernon 1996). Following its meeting, the board of trustees announces a decision with findings of fact and conclusions of law that adopts, rejects, or changes the hearing examiner's conclusions of law and any proposal for relief. *Id.* § 21.259(a), (b). However, the board of trustees may not change the hearing examiner's findings of fact unless the findings are not supported by substantial evidence. *Id.* § 21.259(c).

After the board of trustees issues its decision under section 21.259, the teacher may appeal that decision to the commissioner under section 21.301 by filing a petition for review. *Id.* § 21.301(a) (Vernon Supp.2005). "[A]ll issues relied upon by the petitioner must be raised in the petition for review...." 19 TEX. ADMIN. CODE § 157.1051(b) (2005) (Tex. Educ. Agency, Petition for Review).[5] The commissioner may not substitute its judgment for that of the board of trustees unless

"the decision is arbitrary, capricious, or unlawful or is not supported by substantial evidence." TEX. EDUC.CODE ANN. § 21.303(a), (b) (Vernon 1996).

After the commissioner issues its decision, "Either party may appeal the commissioner's decision to: (1) a district court in the county in which the district's central administrative offices are located; or (2) if agreed by all parties, a district court in Travis County." *Id.* § 21.307(a) (Vernon Supp.2005). The decision subject to review by the judicial system is that of the commissioner. *Id.; Montgomery Indep. Sch. Dist. v. Davis,* 34 S.W.3d 559, 562 (Tex.2000). "The court may not reverse the decision of the commissioner unless the decision was not supported by substantial evidence or unless the commissioner's conclusions of law are erroneous." TEX. EDUC.CODE ANN. § 21.307(f).

## PROCEEDINGS BEFORE THE HEARING EXAMINER AND COMMISSIONER

■ In this case, the hearing examiner concluded it had jurisdiction under section 21.104 of the code and that DISD had good cause to terminate appellant's contract during the probationary contract term because appellant breached his employment contract by failing to present his teaching certificate by June 30, 2003. The hearing examiner also concluded that appellant's contract was "null and void" and "void and unenforceable" as of June 30, 2003.

Appellant's petition for review to the commissioner asserted the commissioner's jurisdiction under section 21.301.[6] Appel-

---

**5.** This section was amended in July 2004 after the commissioner's decision; however, this provision appears in the pre-amendment version of the section.

**6.** During oral argument, appellant stated he did not pursue a hearing before the commis-

sioner under its general jurisdictional powers set out in section 7.057 of the code. *See* TEX. EDUC.CODE ANN. § 7.057(a)(2)(A) (Vernon Supp.2005) ("[A] person may appeal in writing to the commissioner if the person is aggrieved by ... (2) actions or decisions of any

lant's petition for review asserted generally that DISD's board of trustee's "decision ... to terminate his employment is arbitrary, capricious and not supported by substantial evidence." Appellant then set out two specific issues for reversal of the board of trustee's decision:

12. Respondent did not provide petitioner with notice of its decision to terminate Petitioner's employment not later than the 45th day before the last day of instruction as provided in Tex. Educ. Code § 21.103.

13. During the Board meeting of November 19, 2003, the Board of Trustees questioned Cassandra Black, an employee with the District's personnel Office, as to how many other teachers were in a similar position to Petitioner. Ms. Black testified that there were 500 hundred [sic] such teachers. By questioning Ms. Black, it became apparent that the Board of Trustees believed it could not reject the hearing examiner's recommendation without causing these other additional 500 hundred [sic] teachers to assert their right to a hearing.

In his brief to the commissioner, appellant's only arguments for reversal were these issues. Appellant's petition for review and his brief to the commissioner did not assert any issues respecting whether appellant was "discharged" or terminated for good cause or that his employment was terminated during the term of the contract.[7] *See id.* § 21.104(a).

In its Conclusion of Law 3, the commissioner concluded it lacked jurisdiction to consider appellant's claim that the board of trustees violated section 21.103 by failing to provide timely notice of a decision to terminate appellant's probationary contract at the end of the contract term. Under section 21.301, the commissioner's jurisdiction was limited to review of the board of trustees' decision on the recommendations of the hearing examiner. *Id.* § 21.301(a). Under section 21.103(a), the board's decision not to renew a probationary contract "is final and may not be appealed." *See id.* § 21.103(a). Under section 21.251(b)(1), a hearing examiner lacks jurisdiction to review a claim of wrongful termination under section 21.103. *See id.* § 21.251(b)(1). Thus, if the hearing examiner lacked jurisdiction over an issue, so did the commissioner. Because the hearing examiner lacked jurisdiction over appellant's claim of wrongful termination under section 21.103, we conclude the commissioner was correct in concluding it lacked jurisdiction over that claim.

In Conclusion of Law 4, the commissioner concluded it "lacks jurisdiction over any claim that Respondent terminated Petitioner's probationary contract during the term of the contract because the board of trustees did not issue written notice of the proposed termination action, as required by Texas Education Code sections 21.251 and 21.253(a)." Appellant asserts this conclusion is legally erroneous because sections 21.251 and 21.253(a) do not require the notice of proposed termination to come from the board of trustees. *See id.*

school district board of trustees that violate: (A) the school laws of this state . . . .").

7. Appellant's briefing in this Court contends he asserted to the commissioner termination for cause during the term of the contract: "Stansell and the Dallas ISD treated the underlying termination proceeding from start to finish as a termination of Stansell's contract for good cause during/prior to the end of its

term. . . ." After carefully reading all documents from appellant presented to the commissioner, we cannot agree with appellant. We find no statement in appellant's petition for review to the commissioner or in his briefing to the commissioner asserting his termination was allegedly for cause during the term of the contract.

§§ 21.251(a), .253(a). Appellees assert the notice should be required to come from the board of trustees because, according to appellees, it is the board that makes the decision to terminate during the term of the contract. *See id.* § 21.104(a). We need not decide these assertions, however, because this conclusion of law is not necessary to the commissioner's decision to dismiss the appeal. Conclusion of Law 4 concerned "any claim that Respondent terminated Petitioner's probationary contract during the term of the contract." Appellant made no such claim to the commissioner. Appellant's claim before the commissioner of substantive error by the board of trustees was violation of 21.103: termination of a probationary contract "*at the end* of the contract period" without the required forty-five-day notice. *Id.* § 21.103(a) (emphasis added). Appellant made no assertion to the commissioner that his contract was terminated *during* the term of the contract.[8]

In Conclusion of Law 6, the commissioner concluded it lacked jurisdiction of appellant's claim that the board of trustees considered extra-record evidence because the commissioner lacked jurisdiction over the termination of appellant's probationary contract. This conclusion is correct because appellant's only ground of wrongful termination presented to the commissioner was section 21.103(a), termination at the end of a probationary contract, which is not subject to appeal. Appellant did not challenge this conclusion of law in the trial court or in this Court.

## APPELLANT'S ARGUMENTS ON JUDICIAL APPEAL

 Appellant's first argument in this Court asserts the commissioner erred in dismissing the appeal for want of jurisdiction because DISD never asserted lack of jurisdiction to the commissioner. Subject-matter jurisdiction is a fundamental consideration, and its determination is not dependent upon whether a party challenges subject-matter jurisdiction. *See, e.g., Juarez v. Tex. Ass'n of Sporting Officials, El Paso Chapter,* 172 S.W.3d 274, 278 (Tex.App.-El Paso 2005, no pet.); *Bird v. Kornman,* 152 S.W.3d 154, 160 (Tex. App.-Dallas 2004, pet. denied); *see also Morrow v. Corbin,* 122 Tex. 553, 569, 62 S.W.2d 641, 649 (1933) (subject-matter jurisdiction cannot be conferred by agreement of parties); *In re A.C.S.,* 157 S.W.3d 9, 15 (Tex.App.-Waco 2004, no pet.) (same, citing *Morrow*). Appellant's argument lacks merit.

Appellant next argues the commissioner erred in Conclusion of Law 4 because the commissioner went beyond the pleadings in deciding it had no jurisdiction. As discussed above, Conclusion of Law 4 was not necessary because it concerned lack of jurisdiction over a claim that was not included in the petition for review and, therefore, was not before the commissioner. *See* 19 Tex. Admin. Code § 157.1051(b).

 Appellant next argues that under section 21.103, a teacher must be given notice at least forty-five days before the last day of instruction of termination of employment at the end of the term of the

---

8. Appellant asserts in his briefing to this Court that he did argue to the commissioner that he was terminated during the term of his contract: "An appeal to the Commissioner under § 21.301 can only be based on a school district's decision to terminate a teacher's probationary or contract term of employment for good cause during/prior to the expiration of the contract term. That is precisely what Stansell was appealing to the Commissioner." After carefully reading appellant's petition for review to the commissioner and his briefing before the commissioner, we cannot agree with appellant that he asserted to the commissioner that he was terminated during the term of his contract.

122

probationary contract. *See* TEX. EDUC. CODE ANN. § 21.103(a). "If the board of trustees fails to give the notice of its decision to terminate the teacher's employment within the time prescribed by Subsection (a), the board must employ the probationary teacher in the same capacity ...." *Id.* § 21.103(b). Appellant asserts in this Court that because DISD failed to give him the mandatory forty-five-day notice, "as a matter of law Stansell had a contract with the DISD as a probationary classroom teacher for the 2003–2004 school year." Thus, appellant argues, his termination in 2003 was necessarily termination during the term of his contract. Appellant, however, made no such argument to the commissioner. The courts' duty in reviewing a decision from the commissioner is to determine whether the commissioner's decision was legally erroneous or lacked a reasonable basis. *See id.* § 21.307(f); *Davis,* 34 S.W.3d at 562. Because the record does not show appellant made any such argument to the commissioner, we cannot conclude the commissioner erred in not considering this argument. *See* TEX.R.APP. P. 33.1(a).

In this case, the only substantive ground appellant pursued before the commissioner was one on which the commissioner lacked jurisdiction to grant relief under chapter 21, termination of appellant's probationary contract at the end of the contract's term. *See* TEX. EDUC.CODE ANN. §§ 21.103(a); 21.251(b)(1). Accordingly, we conclude the commissioner did not err in dismissing the appeal, and the trial court did not err in affirming the commissioner's dismissal of the appeal. *See Phynes v. State,* 828 S.W.2d 1, 2 (Tex.Crim.App.1992) (appeal should be dismissed when appellate court lacks jurisdiction over appellant's point of error); *see also Tex. Dep't of Criminal Justice v. Simons,* 140 S.W.3d 338, 349 (Tex.2004) ("Only when the issue raised cannot implicate subject matter jurisdic-

tion must the interlocutory appeal be dismissed."). We overrule appellant's issues and points.

We affirm the trial court's judgment.