Opinion issued March 6, 2008











In The

Court of Appeals

For The

First District of Texas






NO. 01-06-01175-CV






LISHA EBRAHIM, Appellant


V.


MIDDLEBURY PROPERTIES II, L.L.P., Appellee






On Appeal from the 55th District Court

Harris County, Texas

Trial Court Cause No. 2006-78936






MEMORANDUM OPINION

 This is an appeal from the trial court's December 18, 2006 sua sponte dismissal
order.

 Appellant Lisha Ebrahim sued appellee Middlebury Properties II, L.L.P. for
alleged violations of the Property Code regarding closing rental premises and the
Texas Fair Housing Act in connection with Middlebury's attempt to close the mobile
home part where Ebrahim resided. See Tex. Prop. Code Ann. §§ 92.055,
301.001-.171 (Vernon 2007). Ebrahim sought injunctive relief and civil penalties
under the Property Code.

 At the hearing on Ebrahim's request for a temporary restraining order, the trial
court dismissed the case for lack of subject-matter jurisdiction. There is no court
reporter's record of the hearing and the trial court's order merely states, "the Court
is of the opinion that it does not possess subject matter jurisdiction over the claims
and causes of action asserted by Plaintiff." Ebrahim did not file a motion for new
trial or any other postjudgment motion contesting the trial court's dismissal.

 We hold that Ebrahim has not preserved her complaint for appellate review by
presenting to this Court a record that showed she objected to the dismissal. See Tex.
R. App. P. 33.1(a). This is not a case in which the trial court committed fundamental
error by exercising subject-matter jurisdiction when it had none. See Bird v.
Kornman, 152 S.W.3d 154, 160 (Tex. App.--Dallas 2004, pet. denied). Even if the
trial court's dismissal order were erroneous, the order is not void for lack of
jurisdiction because the trial court had jurisdiction to determine its jurisdiction. See
id. at 161. Accordingly, Texas Rule of Appellate Procedure 33.1(a) required Ebrahim

to preserve the alleged error in a post judgment motion. See id. at 161. Ignoring Rule
33.1(a) would presume that the silent record does not support the trial court's
judgment. Although whether the trial court possessed subject-matter jurisdiction over
this case is a question of law, it is possible that a reporter's record would have
demonstrated invited error on Ebrahim's part, even if we were to assume the
dismissal was erroneous.

 We affirm the trial court's dismissal order.


 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Hanks, and Higley.