**Affirmed and Memorandum Opinion filed May 15, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00750-CV

---

## RICHARD LEE TORRES, Appellant

### V.

## ROBERT CLARK, Appellee

---

**On Appeal from the County Court at Law No. 3**
**Brazoria County, Texas**
**Trial Court Cause No. CI043097**

---

## MEMORANDUM OPINION

Appellant Richard Lee Torres, proceeding under Chapter 14 of the Civil Practice and Remedies Code, sued Robert Clark for personal injuries sustained while both men were inmates of the Texas Department of Criminal Justice. Torres did not appear on the first day of trial, and the court dismissed the suit. We affirm.

### BACKGROUND

Torres and Clark were inmates at the Ramsey Unit in Rosharon, Texas. Torres filed suit under Chapter 14 of the Civil Practice and Remedies Code, alleging in his original petition that "Clark began assaulting [Torres] by striking him repeatedly, causing

serious bodily injury to the right side of [his] face . . . which resulted in gashes requiring approximately twenty-five sutures." Clark answered and claimed self defense among other things. Clark also filed a motion to dismiss under Section 14.003 of the Civil Practice and Remedies Code, arguing that (1) Torres failed to file an affidavit relating to previous filings; (2) Torres failed to file an affidavit related to the exhaustion of administrative remedies; and (3) Torres's claim was frivolous because Clark was immune from suit as a matter of law. The trial court denied the motion.

Torres failed to appear for trial, and Clark reurged his motion to dismiss under Section 14.003. The trial court granted the motion and entered an order dismissing the suit with prejudice "under Texas Civil Practice and Remedies Code section 14.001, *et seq.*" After learning of the dismissal, Torres requested findings of fact and conclusions of law. The trial court issued its findings and conclusions, finding among other things that:

- "On June 20, 2011, the Court entered an Order Dismissing Lawsuit pursuant to the Plaintiff's failure to appear and prosecute this case and Chapter 14 of the Texas Civil Practice and Remedies Code."

- "Pursuant to Rule 165a of the Texas Rules of Civil Procedure, a Court may dismiss a case for want of prosecution."

- "Since the Plaintiff failed to appear and prosecute the trial of this case, even after being notified of the trial date, the Court reconsidered the Defendant's Motion to Dismiss; and finding said Motion to have merit, dismiss[ed] this case pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code."

Torres filed a "motion for retrial," in which he asked the trial court to set aside its judgment and reinstate the case because the trial court did not facilitate his appearance through a bench warrant or telephone hearing. The trial court denied the motion.

## ANALYSIS

In five issues, Torres argues that the trial court erred by reconsidering Clark's motion to dismiss, dismissing the suit for frivolousness, finding that the suit was dismissed for want of prosecution rather than for frivolousness, and dismissing with

2

prejudice rather than without prejudice. Clark did not file a brief on appeal. Because the issues regarding dismissal for want of prosecution are dispositive, we address only those issues in this opinion. *See* Tex. R. App. P. 47.1.

In his fourth issue, Torres argues that the trial court erred by finding that it dismissed the suit based on Torres's "failure to appear and prosecute this case." Torres points to the trial court's order dismissing the suit, which states only that the suit was being dismissed "under Texas Civil Practice and Remedies Code section 14.001, *et seq.*" Although the order does not state that Torres's suit was dismissed because of his failure to appear and prosecute the case, "findings of fact and conclusions of law filed after a judgment are deemed controlling as to any conflict therewith." *Dickerson v. DeBarbieris*, 964 S.W.2d 680, 684 (Tex. App.—Houston [14th Dist.] 1998, no pet.). Accordingly, the trial court did not err by finding that it dismissed appellant's suit for want of prosecution. Torres's fourth issue is overruled.

In his fifth issue, Torres contends that the trial court erred by dismissing with prejudice, rather than without prejudice, under either of the two bases provided by the trial court in its findings of fact and conclusions of law. Torres failed to raise this issue in his motion to reinstate and thus waived any error on appeal. *See Leonard v. Abbot*, 171 S.W.3d 451, 461 (Tex. App.—Austin 2005, pet. denied) ("[T]he error in dismissing a case with prejudice cannot be raised for the first time on appeal and must be presented to the trial court."); *Bird v. Kornman*, 152 S.W.3d 154, 161 (Tex. App.—Dallas 2004, pet. denied) (same); *Andrews v. ABJ Adjusters, Inc.*, 800 S.W.2d 567, 568–69 (Tex. App.—Houston [14th Dist.] 1990, writ denied) (trial court's error of dismissing with prejudice for want of prosecution was not preserved by unverified and unsigned motion to reinstate). Although Torres filed a "motion for retrial," he did not argue that the trial

court erred by dismissing with prejudice rather than without prejudice.  Torres's fifth issue is overruled. [1]

## CONCLUSION

Having overruled all of Torres's issues regarding the dismissal for want of prosecution, we need not address whether dismissal was improper under Chapter 14 of the Civil Practice and Remedies Code.  We affirm the trial court's judgment.


/s/    William J. Boyce
        Justice



Panel consists of Justices Boyce, Christopher, and Jamison.

---

[1] Torres does not complain on appeal about any procedural deficiencies relating to the dismissal for want of prosecution or that the trial court erred by denying his "motion for retrial."  *See* Tex. R. Civ. P. 165a.  Thus, any such error is waived.  *See, e.g.*, *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 930 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Keough v. Cyrus USA, Inc.*, 204 S.W.3d 1, 5 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).