**AFFIRMED; and Opinion Filed September 20, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01156-CV

## PETER BEASLEY, Appellant
## V.
## SEABRUM RICHARDSON AND LAMONT ALDRIDGE, Appellees

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-13433**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Evans
Opinion by Justice Evans

Appellant Peter Beasley asserts that the trial court committed error by dismissing the case with prejudice. Beasley also asserts that the trial court abused its discretion for numerous reasons including, but not limited to, failing to grant a hearing on a temporary restraining order, refusing to award attorneys' fees, and failing to grant a continuance. We affirm.

### BACKGROUND

On November 12, 2013, Beasley filed a lawsuit against Richardson. Beasley added Aldridge as a defendant in his second amended petition.

The lawsuit proceeded to trial on June 8, 2015, and all parties appeared pro se before the trial court. After a day and a half, Beasley concluded his presentation of evidence to the jury.

After the lunch break on June 9, 2015, and before the return of the jury, the following exchange took place:

[Court]: Do I have any motions or anything the lawyers -- or the parties need to visit with me about?

[Beasley]: I would like to nonsuit also.

[Court]: Who do you want to nonsuit?

[Beasley]: My entire case. I -- I understand they have a pending case and I know that doesn't do anything against those. I'm willing to do that.

[Court]: Is this all you wanted do [sic]?

[Beasley]: No, sir.

[Court]: Is drag people through this process and then finally say, well, I'm through?

*** 

[Court]: You have already rested your case and if you -- it's too late to nonsuit. If you want to dismiss your lawsuit, you can dismiss your lawsuit with prejudice.

[Beasley]: I understand that. That is what I mean, I guess. Whatever that process is.

[Court]: You have already rested.

[Beasley]: Yes. I understand.

[Aldridge]: Your Honor, I motion the Court for the directed verdict. Mr. Beasley --

[Court]: Well, he's already dismissed his case. He's dismissed everything against you, after he rested, though.

***

[Court]: This poor Jury had to sit here for a day and a half listening to you just vent, I guess. Because your life didn't work out very well on whatever birthday it was. I accept your nonsuit. Don, go get the Jury.

–2–

[Court]: Mr. Beasley, I just truly don't understand it. And I think I just -- I'm inviting you to give some explanation as to what you had in mind, have in mind.

[Beasley]: Yes, Your Honor.

[Court]: How we got to this point?

[Beasley]: Yes, Your Honor.

[Court]: We're on the record, so.

[Beasley]: Yes.

[Court]: I just want you to be aware of that.

[Beasley]: I understand.

[Court]: I'm not trying to trick you, either.

[Beasley]: I appreciate the opportunity, Your Honor. I truly do. I felt that at some point I had to try and win or lose. It seemed that if I nonsuited or gave in, it becomes frivolous, as I'm doing now. I had to try and prove my case and I can't find my pieces of paper. I'm disorganized. I'm no [sic] sleep. I -- I look horrible, fumbling. So I wasn't able to do it. I felt probably when Mr. Richardson started incurring attorney's fees, I probably should have either quit because there's now going to be real costs in this, or eventually I think there was a walk away option. But, I thought my claims have merit, but I cannot -- it's too overwhelming for me. I'm not trying to make excuses. I'm just -- I can't. I haven't been able to do it. I thought I could come in and try to show there's some merit here. I have horribly not been able to do that. And Mr. Richardson said there's an internal power struggle and that email, I'm sick of emails. And I should not have -- probably at the argument stage with Mr. Richardson, that was a bad time for us both. That was probably -- just listening to, you walking back through that, I should have withdrawn from it then instead of still going forward. Maybe he should have been before I paid the other 2600. A lot of places I made mistakes and should have gotten out of it. And at some point, got dug in. One, if I quit, it's just frivolous and so I had to come in and try win and I just to [sic] couldn't do it.

| [Court]: | Welcome back, everybody. On the record, following -- everybody can be seated. Thank you. Following the evidence that you heard, ladies and gentlemen, and following Mr. Beasley resting, passing the case to the Defendants, he came back here after lunch and Mr. Beasley has stood up and he has filed a motion to dismiss his lawsuit. So he's dismissed his lawsuit. And there were counter claims pending, but other than the ones dealing with questions for the Court, that being abuse of process and frivolous lawsuit and bad faith lawsuits. Are you withdrawing the other ones, Mr. Aldridge? |
| --- | --- |
| [Aldridge]: | Yes, Your Honor. |
| [Richardson]: | Yes. |
| [Court]: | Is that right? |
| [Aldridge]: | Yes, Your Honor. |

On June 12, 2015, the trial court entered an order of dismissal with prejudice of all of Beasley's causes of actions and claims against Richardson and Aldridge. On August 20, 2015, the trial court signed a final judgment which denied Richardson's motion for sanctions and counterclaims and assessed costs incurred against the party incurring same. On September 21, 2015, Beasley filed a notice of appeal.

## ANALYSIS

Although we construe pro se pleadings and briefs liberally, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with the applicable laws and rules of procedure. *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.); *see also Gonzalez v. VATR Const. LLC*, 418 S.W.3d 777, 784 (Tex. App.—Dallas 2013, no pet.) ("Appellate courts must construe briefing requirements reasonably and liberally, but a party asserting error on appeal still must put forth some specific argument and analysis showing that the record and the law support his contention."). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *In re N.E.B.*, 251 S.W.3d at 212.

As stated above, Beasley moved to dismiss his claims with prejudice. The trial court granted his motion and dismissed the claims with prejudice. Although Beasley neither objected to the dismissal nor moved for a new trial following the dismissal, he filed an appeal asserting, among other things, that the trial court erred by dismissing his case. We disagree.

Error in dismissing a case with prejudice cannot be raised for the first time on appeal and must be presented to the trial court. *See El Paso Pipe & Supply Co. v. Mountain States Leasing, Inc.*, 617 S.W.2d 189, 190 (Tex. 1981); *Bird v. Kornman*, 152 S.W.3d 154, 161 (Tex. App.—Dallas 2004, pet. denied). To preserve a complaint of error in a judgment for appellate review, Beasley was required to inform the trial court of his objection by a post-judgment motion to amend or correct the judgment or a motion for new trial. *Bird,* 152 S.W.3d at 161; *Arthur's Garage, Inc. v. Racal-Chubb Sec. Sys., Inc.*, 997 S.W.2d 803, 816 (Tex. App.—Dallas 2004, no pet.). As Beasley failed to preserve his objection to the judgment by filing a post-judgment motion or a motion for new trial, we conclude that the trial court did not err by dismissing the case with prejudice. As we have disposed of this appeal as stated above, it is unnecessary to address any of the additional issues raised by Beasley in his brief.

## CONCLUSION

We resolve Beasley's issues against him and affirm the trial court's judgment.


/David Evans/
DAVID EVANS
JUSTICE


151156F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PETER BEASLEY, Appellant

No. 05-15-01156-CV      V.

SEABRUM RICHARDSON AND
LAMONT ALDRIDGE, Appellees

On Appeal from the 192nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-13-13433.
Opinion delivered by Justice Evans.
Justices Lang and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees SEABRUM RICHARDSON AND LAMONT ALDRIDGE recover their costs of this appeal from appellant PETER BEASLEY.

Judgment entered this 20th day of September, 2016.