Phillip **BRIDWELL**, Appellant,

v.

Douglas D. **MULDER**, Patrick Kennard, David Wells, and Wells Bail Bonds, Appellees.

No. 05–09–01339–CV.

Court of Appeals of Texas, Dallas.

June 17, 2010.

---

See also, 2008 WL 4292066.

Phillip Bridwell, Rosharon, TX, pro se.

John D. Nation, Wyde, Fox & Nation, Dallas, TX, for Appellees.

Before Justices Bridges, FITZGERALD, and FILLMORE.

## OPINION

Opinion By Justice FILLMORE.

Appellant Phillip Bridwell, an inmate of the Texas Department of Criminal Justice appearing pro se before this Court, appeals the trial court's order of dismissal with prejudice for want of prosecution. We affirm the trial court's judgment dismissing Bridwell's claims with prejudice.

## Background

Bridwell filed the underlying lawsuit on August 27, 2007 against Douglas D. Mulder, an attorney appellant claimed to be his counsel, Patrick Kennard, David Wells, and Wells Bail Bonds. Pursuant to chapter 14 of the civil practice and remedies code entitled "Inmate Litigation," Mulder was dismissed from the lawsuit by interlocutory order of July 23, 2008. The trial court determined Bridwell's claims against Mulder were frivolous and malicious. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(a)(2) (Vernon 2002). The order of dismissal of Mulder is not a subject of Bridwell's appeal.

On August 7, 2009, the trial court sent notice to Bridwell of an October 26, 2009 non-jury trial setting. That notice provided that trial announcements must be made in accordance with rule 3.02 of the local rules of the civil courts of Dallas County.[1]

---

1. Under Dallas County local rule 3.02, when a case is set for trial during a particular week, parties are required to make announcements on the preceding Thursday and, in any event, no later than 10:30 a.m. on the preceding Friday, concerning their readiness for trial. If a plaintiff does not make an announcement by 10:30 a.m. on Friday preceding the week in which the case is set for trial, the court may dismiss the case for want of prosecution.

The notice further stated that if plaintiff failed to announce or to appear at trial, the case would be dismissed for want of prosecution in accordance with rule of civil procedure 165a.

On October 26, 2009, the trial court dismissed Bridwell's lawsuit for want of prosecution. The trial court's October 26, 2009 order of dismissal with prejudice states:

> Pursuant to previous notice by the Court, the above-referenced cause was called to trial on October 26, 2009. Despite receiving notice of the trial, Plaintiffs (sic) failed (1) to make a trial announcement pursuant to Dallas County Local Rules and (2) to appear for trial. Accordingly, the Court dismisses this case for want of prosecution with prejudice to re-filing in the future.

This appeal followed.

## Analysis

■ We review a trial court's dismissal for want of prosecution under an abuse of discretion standard. *See Villarreal v. San Antonio Truck & Equip.,* 994 S.W.2d 628, 630 (Tex.1999); *WMC Mortgage Corp. v. Starkey,* 200 S.W.3d 749, 752 (Tex.App.-Dallas 2006, pet. denied). The question is whether the trial court acted without reference to any guiding rules or principles, or whether the act was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985).

Trial courts have authority to dismiss for want of prosecution pursuant to rule 165a(1) or the trial court's inherent power when a party seeking affirmative relief fails to appear for a trial or hearing of which the party had notice. *See* Tex.R.

CIV. P. 165a(1); *Villarreal,* 994 S.W.2d at 630. A party must be given notice and an opportunity to be heard before the trial court may dismiss under either rule 165a or the trial court's inherent power. *See* Tex.R. CIV. P. 165a(1); *Villarreal,* 994 S.W.2d at 630.

It is undisputed that Bridwell received notice of the trial setting. In an August 18, 2009 letter to the clerk of the trial court regarding a previously-filed motion for summary judgment, Bridwell apprised the court that in the future he would file a "prosecution ready" for the October 26, 2009 trial setting and he would file a "bench writ and necessary announcements." The record contains no evidence that Bridwell made a trial announcement. In his brief, Bridwell states that "due to incarceration, appellant was unable to get a bench writ signed."[2] However, there is no evidence in the record that Bridwell filed a motion seeking a "bench writ."

On this record, we conclude the trial court did not abuse its discretion when it dismissed Bridwell's claims.

■ On appeal, Bridwell requests that the trial court's order of dismissal be modified to reflect a dismissal without prejudice. When a plaintiff fails to appear for trial, it is improper for a trial court to dismiss the action with prejudice. *See State v. Herrera,* 25 S.W.3d 326, 328 (Tex. App.-Austin 2000, no pet.); *Maldonado v. Puente,* 694 S.W.2d 86, 92 (Tex.App.-San Antonio 1985, no writ). However, error in dismissing a case with prejudice must be presented to the trial court and cannot be raised for the first time on appeal. *See Bird v. Kornman,* 152 S.W.3d 154, 161

---

*See* Rule 3.02, Local Rules of Practice of the Civil Courts of Dallas County.

2. The terms "bench writ" or "bench warrant" are phrases sometimes used to describe a writ of habeas corpus ad testificandum, which is used to compel an inmate to be brought before the court to testify. *See Brewer v. Taylor,* 737 S.W.2d 421, 424 n. 3 (Tex.App.-Dallas 1987, no writ).

(Tex.App.-Dallas 2004, pet. denied). Bridwell was required to present his complaint about the dismissal with prejudice to the trial court. Tex.R.App. P. 33.1(a)(1); *McCain v. NME Hosps., Inc.,* 856 S.W.2d 751, 755 (Tex.App.-Dallas 1993, no writ).

To complain about an error in the judgment rendered, Bridwell was required to present the error to the trial court in a post-judgment motion such as a motion to alter or correct the judgment or a motion for new trial. *See Kornman,* 152 S.W.3d at 161. The record confirms that Bridwell's first complaint with regard to the dismissal with prejudice was on appeal. We deny Bridwell's request to modify the dismissal to reflect a dismissal without prejudice.

### Conclusion

We affirm the trial court's judgment dismissing Bridwell's claims with prejudice.