**AFFIRM; and Opinion Filed August 9, 2013.**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-12-01289-CV**

**EX PARTE: J.L.R.**

**On Appeal from the 304th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. JD-35928-W**

## MEMORANDUM OPINION

Before Justices O'Neill, Francis, and Fillmore
Opinion by Justice Fillmore

In one issue, J.L.R. asserts the trial court erred by dismissing his application for writ of habeas corpus with prejudice. We affirm the trial court's order. We issue this memorandum opinion because the law to be applied in this case is well settled. TEX. R. APP. P. 47.4.

On March 25, 1998, J.L.R. pleaded true in this juvenile proceeding to the allegation he committed capital murder. The trial court adjudicated J.L.R. a child who had engaged in delinquent conduct and, pursuant to a plea agreement, assessed a forty-year determinate sentence. On August 31, 2011, J.L.R. filed a pro se application for writ of habeas corpus, with accompanying memorandum of law (the writ), asserting his plea of true was not entered knowingly and voluntarily because he received ineffective assistance of counsel. J.L.R. specifically argued his trial counsel incorrectly advised him of the maximum sentence he could receive and, if he had been advised of the correct punishment range, he would not have entered

into the plea agreement. The trial court appointed new counsel to represent J.L.R. J.L.R.'s new counsel filed a memorandum of law in support of the writ.

The trial court held a hearing on the writ on June 14, 2012. J.L.R. testified that, after consulting with his counsel, he desired to withdraw the writ from the trial court's consideration. Under questioning from the trial court, J.L.R. agreed the factual basis for the writ was not true. The trial court then stated it was "making the finding that these writs are withdrawn and in effect denied with prejudice." J.L.R. did not object to the trial court's finding. Rather, J.L.R. stated on the record, "I do understand that this terminates the litigation, that I will not bring this issue before the Court again. And I'm doing this voluntarily. So I do understand the judgment of the Court."

On October 30, 2012, the trial court signed an order dismissing the writ with prejudice. Although J.L.R. filed a motion for new trial asserting generally that the judgment is contrary to the law and the evidence, he did not seek a new trial on the ground the trial court erred by dismissing the writ with prejudice.[1] The motion for new trial was overruled by operation of law.

In his sole issue on appeal, J.L.R. complains, for the first time, that the trial court erred by dismissing the writ with prejudice. On appeal, juvenile delinquency proceedings are to be governed by the civil rules of appellate procedure as far as practicable. *In re D.I.B.*, 988 S.W.2d 753, 756 (Tex. 1999); *see also* TEX. FAM. CODE ANN. § 56.01(b) (West Supp. 2012) (In a juvenile proceeding, "[t]he requirements governing an appeal are as in civil cases generally."). Generally, in order to preserve a complaint for appellate review, a party must make a timely, specific request, objection, or motion in the trial court. TEX. R. APP. P. 33.1(a)(1); *In re C.O.S.*,

---

[1] J.L.R. filed the motion for new trial on July 13, 2012, prior to the trial court signing the order of dismissal. However, a prematurely filed motion for new trial is "deemed to have been filed on the date of but subsequent to the judgment the motion assails." TEX. R. CIV. P. 306c.

988 S.W.2d 760, 765 (Tex. 1999) (rule of appellate procedure 33.1 applies to both civil and criminal cases).

However, because a juvenile proceeding is quasi-criminal, the general rules governing error preservation in civil cases cannot be applied across the board in juvenile proceedings. *In re L.D.C.*, 400 S.W.3d 572, 574 (Tex. 2013) (citing *In re C.O.S.*, 988 S.W.2d at 765). The supreme court has noted that it is "unwise and problematic to apply one preservation rule in adult, criminal proceedings and another, stricter rule in juvenile cases." *In re C.O.S.*, 988 S.W.2d at 767. Therefore, precedent from analogous adult criminal proceedings may be instructive in juvenile cases. *Id.*; *In re I.L.*, 389 S.W.3d 445, 452 (Tex. App.—El Paso 2012, no pet.)

In particular, the Texas Supreme Court has looked to *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993), *modified on other grounds by Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997), for guidance on when preservation of error in a juvenile proceeding is required under rule of appellate procedure 33.1. *In re C.O.S.*, 988 S.W.2d at 765–67; *see also In re A.C.*, No. 11-09-00164-CV, 2011 WL 3925516, at *5 (Tex. App.—Eastland Sept. 8, 2011, pet. denied) (mem. op. on reh'g). In *Marin*, the court of criminal appeals recognized that within our system of jurisprudence there are at least three distinct categories of rights and requirements: (1) absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented upon request. *Marin*, 851 S.W.2d at 278–79; *see also Gutierrez v. State*, 380 S.W.3d 167, 172 n.14 (Tex. Crim. App. 2012). Systemic or absolute requirements generally concern jurisdiction of the person or subject matter and whether a penal statute is in compliance with the Separation of Powers Section of the Texas Constitution. *Aldrich v. State*, 104 S.W.3d 890, 895 (Tex. Crim. App. 2003); *see also Saldano v. State*, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002). Examples of "waivable-only" rights include the right to effective assistance of counsel, the right to a jury

trial, and a right conferred by a statute that affirmatively states the right is waivable only. *Saldano*, 70 S.W.3d at 888; *Aldrich*, 104 S.W.3d at 895. "Except for complaints involving systemic (or absolute) requirements, or rights that are waivable only . . . all other complaints, whether constitutional, statutory, or otherwise, are forfeited by failure to comply with Rule 33.1(a)." *Neal v. State*, 150 S.W.3d 169, 175 (Tex. Crim. App. 2004) (quoting *Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004)).

In this case, the trial court neither disregarded an absolute requirement, such as jurisdiction over the subject or person, nor denied J.L.R. a waivable-only right, such as the right to counsel or a jury trial. *See Neal*, 150 S.W.3d at 175; *Harris v. State*, 986 S.W.2d 619, 622 (Tex. App.—Tyler 1997, pet. ref'd) (appellant forfeited right to complain about trial court's failure to dismiss indictment by not obtaining ruling in trial court). Therefore, the only issue is whether J.L.R. complied with rule 33.1(a). *Neal*, 150 S.W.3d at 175.

During the hearing, J.L.R. did not object to the trial court's ruling that the writ was dismissed with prejudice. Further, he did not raise the issue in his motion for new trial. Accordingly, he has forfeited his right to complain about it on appeal. *See* TEX. R. APP. P. 33.1(a); *Neal*, 150 S.W.3d at 175.[2]

---

[2] We would reach the same result applying civil law. *See In re L.D.C.*, 400 S.W.3d at 576 (noting same outcome would result in appeal of charge error in juvenile proceeding regardless of whether civil or criminal standard applied). Error in dismissing a civil case with prejudice must be presented to the trial court and cannot be raised for the first time on appeal. *Bridwell v. Mulder*, 315 S.W.3d 657, 659 (Tex. App.—Dallas 2010, no pet.); *Bird v. Kornman*, 152 S.W.3d 154, 161 (Tex. App.—Dallas 2004, pet. denied). J.L.R. was, therefore, required to present his complaint about the dismissal with prejudice to the trial court in a post-judgment motion such as a motion to alter or correct the order or a motion for new trial. *See* TEX. R. APP. P. 33.1(a)(1); *Bridwell*, 315 S.W.3d at 660.

We resolve J.L.R.'s sole issue against him and affirm the trial court's order of dismissal.



/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE


121289F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE: J.L.R.

No. 05-12-01289-CV

On Appeal from the 304th Judicial District
Court, Dallas County, Texas,
Trial Court Cause No. JD-35928-W.
Opinion delivered by Justice Fillmore,
Justices O'Neill and Francis participating.

In accordance with this Court's opinion of this date, the trial court's order of dismissal is **AFFIRMED**.

Judgment entered this 9th day of August, 2013.

/Robert M. Fillmore/

ROBERT M. FILLMORE
JUSTICE