In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00226-CV
_____

ALBERT HADNOT SR., Appellant

V.

CHEAD ADAMS, Appellee

On Appeal from the 1A District Court
Jasper County, Texas
Trial Cause No. 35836

**MEMORANDUM OPINION**

Albert Hadnot Sr. appeals the judgment dismissing his lawsuit against Chead Adams after Hadnot failed to appear for trial. In his appeal, Hadnot argues his case should be reinstated because it has merit. But he did not argue he was deprived of due process, nor does he argue the trial court abused its discretion by failing to reinstate his case based on his post-judgment motion to change venue. After reviewing the arguments Hadnot presents in his brief, we affirm.

1

Background

In September 2016, Albert Hadnot Sr. sued Chead Adams on claims under the wrongful death and survival statutes.[1] Acting *pro* se, the petition Hadnot filed alleges that his girlfriend and their child, Albert Hadnot Jr., died in a fire that broke out while his son and girlfriend were asleep. Hadnot woke up in time to escape, but despite his efforts, he failed to save the others from the fire. Hadnot alleged Adams owned the home, and that Adams' negligence caused the injuries and deaths of his girlfriend and son.

In October 2016, Adams answered the suit. Just over two months later, Adams filed a counterclaim, alleging that Hadnot caused the fire when he fell asleep while smoking on a couch.

On Monday, April 23, 2018, the trial court called the case to trial. Hadnot failed to appear. On May 3, 2018, the trial court dismissed Hadnot's claims with prejudice, noting in its judgment that the case had previously been dismissed after an earlier setting and then refiled. The trial court dismissed all other claims without prejudice.

---

[1] Tex. Civ. Prac. & Rem. Code Ann. §§ 71.001-.012 (West 2008 & Supp.) (Wrongful Death), §§ 71.021-.051 (West 2008 & Supp.) (Survival).

Do the merits matter?

In his appeal, Hadnot argues his case has merit because a fire investigator's report supports his argument that Adams breached his duties as a landlord. Hadnot also accused Adams of attempting to hire someone after the fire to kill him. But Hadnot never attacked the process the trial court followed in dismissing his case in the trial court or in his appeal.[2]

The scope of our review for appeals limits what we can decide to those arguments the appellant preserved at trial and presented in his brief.[3] Here, Hadnot argues his wrongful death and survival claims should not have been dismissed because they have merit, but the record shows the trial court dismissed the case not for lack of merit but because Hadnot failed to appear when the court called the case for trial.[4] Rule 165a(1) of the Texas Rules of Civil Procedure authorize a court to

---

[2] The trial court's record shows that Hadnot had notice of the trial setting. In a fax Hadnot sent the court in November 2017, Hadnot requested the trial setting. The trial court's clerk notified him immediately by return fax that the case would be set on the court's docket for the week beginning April 23, 2018. The record also shows that Hadnot requested bench warrants for earlier trial settings. But the record does not show that he requested a bench warrant, or sought to continue the April 23, 2018, setting.

[3] *See Pat Baker Co., Inc. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998).

[4] *See* Tex. R. Civ. P. 247 ("Every suit shall be tried when it is called, unless continued or postposed to a future day or placed at the end of the docket to be called again for trial in its regular order.").

3

dismiss a case if a party seeking affirmative relief fails to appear for a trial setting of which the party had notice.[5] Hadnot does not claim he never received notice of the April 2018 setting. While Hadnot filed a post-judgment motion seeking a change of venue, he never complained in that motion that the trial court should have reinstated his case.[6] Finally, Hadnot has not argued either here or in the court below that his case should not have been dismissed *with prejudice*.[7]

Hadnot failed to complain in his appeal about the reason the trial court dismissed his case, which was because he failed to appear for trial. Since the question of whether the claims he filed against Adams have merit was not the basis for the dismissal, Hadnot left the reason for the trial court's ruling unchallenged in his brief. We overrule the issue he presents on appeal because it does not attack the basis on which the trial court dismissed his case. For the reasons explained above, the trial court's judgment is

AFFIRMED.

---

[5] *Id*. 165a(1).

[6] *See generally id*. 165a.

[7] To obtain a reversal for an alleged error dismissing a case with prejudice, the appellant must preserve the error in the trial court and argue it in the appeal. *See Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008); *Bridwell v. Mulder*, 315 S.W.3d 657, 659 (Tex. App.—Dallas 2010, no pet.).

_____
HOLLIS HORTON
Justice

Submitted on November 19, 2019
Opinion Delivered January 23, 2020

Before McKeithen, C.J., Kreger and Horton, JJ.