**WMC MORTGAGE CORPORATION,**
Appellant,

v.

**William R. STARKEY, Sr., Appellee.**

No. 05–05–00740–CV.

Court of Appeals of Texas,
Dallas.

July 11, 2006.

Rehearing Overruled Aug. 14, 2006.

Arthur F. Selander, Quilling, Selander, Cummiskey & Lownds, P.C., Dallas, for Appellant.

Thomas A. Graves, Chrisoper Jay Harrington, McKool Smith, P.C., Dallas, for Appellee.

Before Justices MORRIS, O'NEILL, and MAZZANT.

## OPINION

Opinion by Justice MORRIS.

This is an appeal after the trial court dismissed the case for want of prosecution. WMC Mortgage Corporation contends the trial court abused its discretion in dismissing its claims against William R. Starkey, Sr. Concluding the trial court properly dismissed WMC's claims under its inherent power to dismiss a case for want of prosecution, we affirm the trial court's judgment.

### I.

WMC Mortgage Corporation initially filed this suit in the 352nd Judicial District Court of Tarrant County on June 19, 2002. The petition named William R. Starkey, Sr. and several other individuals as defendants.[1] On July 17, 2002, WMC and Starkey entered into a rule 11 agreement under which WMC conceded that proper venue for the suit was in Dallas County rather than Tarrant County. Starkey's counsel agreed to accept service of process on behalf of Starkey if the matter was dismissed and refiled in Dallas County. If the Tarrant County suit was not dismissed, the parties agreed that Starkey's deadline to file an answer or other responsive pleading would be August 22, 2002.

On August 8, 2002, WMC and Starkey entered into a second Rule 11 agreement extending Starkey's deadline to respond to the petition until September 30, 2002. The parties signed a third rule 11 agreement on September 18, which provided that Starkey was not required to file a responsive pleading until he was given ten business days advance notice to do so by WMC.

The Tarrant County district court set the matter for a pretrial hearing on February 6, 2003. Immediately before the scheduled pretrial hearing, WMC filed a proposed agreed order to transfer venue to Dallas County. The Tarrant County court signed the order on February 20 and transferred the case to the 298th Judicial District Court in Dallas. WMC filed an unopposed motion for withdrawal and substitution of counsel in October 2003. The trial court granted the motion on November 10. WMC took no further action in the case for over a year.

On January 24, 2005, WMC sent Starkey a letter pursuant to their third rule 11 agreement requesting him to file an answer or other responsive pleading within twenty days of the date of the letter. Starkey filed his answer on February 11.

On January 27, the trial court sent WMC a notice stating, "[t]he court has determined that the above cause/motion has shown little or no progress for an unacceptable period of time." The court requested that a representative of WMC appear in person before the court adminis-

1. The other defendants are not parties to this appeal.

trator on or before February 28 to report on the status of the case. The court further stated that if no appearance was made, the cause would be dismissed for want of prosecution.

According to WMC, its counsel contacted the court administrator by telephone on February 23 and requested a trial setting. The attorney stated he was told by the administrator that the case would be taken off the dismissal docket and set for a jury trial. The trial court issued a notice on February 24 showing that the case was set for trial on November 14.

Four days later, however, the trial court signed an order dismissing the case for want of prosecution. The order stated that "plaintiff(s) having failed to take certain action heretofore specified by the court within the time period prescribed, the court finds that the cause should be dismissed for want of prosecution pursuant to Tex.R. Civ. P. 165a." WMC filed a verified motion to reinstate the case contending that its failure to appear before the court administrator "was not intentional or the result of conscious indifference, but rather was the result of communications with the court administrator that the case would be set down for jury trial and removed from the dismissal docket."

Starkey filed a response to the motion to reinstate as well as an alternative motion to dismiss. In his motion to dismiss, Starkey argued that WMC's failure to diligently prosecute its claims against him justified their dismissal under either 165a(2) of the Texas Rules of Civil Procedure or the trial court's inherent power to control its docket. WMC responded by informing the trial court for the first time that it had been pursuing substantially similar claims in a California lawsuit. Although WMC acknowledged that the California trial court had quashed service of the complaint on Starkey, WMC contended it chose not to actively pursue its claims against Starkey in Texas until the California suit was resolved. WMC further contended that the rule 11 agreements between it and Starkey delaying Starkey's deadline to file a responsive pleading were essentially an agreement to abate the case pending resolution of the California suit.

WMC's motion to reinstate was overruled by operation of law on May 16, 2005. Nevertheless, the trial court denied WMC's motion to reinstate by a signed, written order on May 17. In the same order, the trial court granted Starkey's alternative motion to dismiss. WMC brought this appeal.

## II.

WMC challenges both the trial court's initial dismissal of the case under Tex.R. Civ. P. 165a and its later dismissal under rule 165a(2) and the trial court's inherent power. We first address the trial court's dismissal of this case under its inherent power to control its docket.

■ In Starkey's motion to dismiss, he urged the court to use its inherent power to dismiss this cause because WMC failed to diligently pursue its claims against him. This motion was filed as part of Starkey's response to WMC's motion to reinstate. The trial court granted Starkey's motion after the motion to reinstate was overruled by operation of law. WMC contends on appeal that the trial court erred in granting Starkey's motion because it lacked plenary power to do so. According to WMC, once the motion to reinstate was denied, the trial court's plenary power over the cause was limited solely to reinstating it. We disagree.

■ Plenary power in general is broadly defined as the court's power to dispose of any matter properly before it. BLACK'S LAW DICTIONARY 1208 (8th ed.2004). The

term "plenary" itself is defined as "full," "complete," or "entire." *Id.* at 1193. During the trial court's plenary jurisdiction, it retains full control over its judgment. *See Polk v. Southwest Crossing Homeowners Ass'n,* 165 S.W.3d 89, 95 (Tex.App.-Houston [14th Dist.] 2005, pet. denied).

The trial court's plenary power following dismissal for want of prosecution is set out in TEXAS RULE OF CIVIL PROCEDURE 165a(3). *See* TEX.R. CIV. P. 165a(3). That rule states the trial court "has plenary power to reinstate the case until 30 days after all such timely filed motions [to reinstate] are overruled, either by written order or by operation of law, whichever occurs first." *Id.* Although rule 165a(3) refers to plenary power "to reinstate the case," such power necessarily encompasses all matters relating to the decision to dismiss. Indeed, the trial court can conduct its hearing on the motion to reinstate during the thirty-day period of plenary power after the motion has been denied. *See Polk,* 165 S.W.3d at 95. Because the trial court may consider a motion to reinstate for thirty days after such motion has been denied, the trial court's plenary power during that time cannot be limited solely to reinstating the case. The court's jurisdiction must include the power to decline to reinstate the case and to dismiss the case for want of prosecution on alternative or additional grounds.

The trial court's order denying WMC's motion to reinstate and granting Starkey's alternative motion to dismiss was signed one day after WMC's motion to reinstate was denied by operation of law, well within the trial court's plenary power. Both WMC and Starkey were given an opportunity to be heard on all the issues raised in both the motion to reinstate and the alternative motion to dismiss. Because the trial court still had full power over its order of dismissal, it was within the trial court's jurisdiction to decline to reinstate the case and to dismiss it for want of prosecution on the additional grounds set forth in Starkey's motion to dismiss.

■■■ WMC contends that, even if the trial court had jurisdiction to grant Starkey's motion to dismiss, it abused its discretion in doing so. It is well established that the trial court has inherent power to dismiss a case for want of prosecution. *See Villarreal v. San Antonio Truck & Equip.,* 994 S.W.2d 628, 630 (Tex.1999); *Franklin v. Sherman Indep. Sch. Dist.,* 53 S.W.3d 398, 401 (Tex.App.-Dallas 2001, pet. denied). We review both a dismissal for want of prosecution and a denial of a motion to reinstate under an abuse of discretion standard. *Id.* The trial court abuses its discretion when it acts without reference to any guiding rules or principles. *See Jimenez v. Transwestern Prop. Co.,* 999 S.W.2d 125, 129 (Tex.App.-Houston [14th Dist.] 1999, no pet.).

■■■ The trial court may dismiss a case for want of prosecution under its inherent power to control its docket if the case has not been prosecuted with diligence. *See id.* Lack of diligence need not amount to abandonment for a case to be properly dismissed. *Id.* Belated activity, such as requesting a trial setting, will not conclusively show that a case has been diligently prosecuted. *Id.* The trial court may consider the entire history of the case, including the length of time it has been on file, the extent of activity in the case, and the existence of reasonable excuses for delay. *Id.* No single factor is dispositive. *Id.*

In this case, WMC filed suit on June 19, 2002. The trial court dismissed the case on February 28, 2005. In the over two-year period the case was on file, the only significant actions taken were the filing of three rule 11 agreements delaying Starkey's deadline to respond to the original

petition, a request for an agreed order to transfer venue, a motion to withdraw and substitute counsel, a request that Starkey file an answer more than two years after suit was filed, and a request for a trial setting in response to the trial court's threat to dismiss the case for want of prosecution.

WMC states its failure to pursue the case is reasonably explained by the rule 11 agreements that were tantamount to agreements to abate the case pending resolution of similar claims being litigated in California. Starkey, who is not a party in the California litigation, strongly disputes the existence of any agreement to abate. Furthermore, none of the rule 11 agreements addresses abatement. The California litigation is mentioned only tangentially in the third agreement. Nothing about the California litigation forms any part of the substance of the rule 11 agreements. WMC never requested any type of abatement from the trial court and never informed the trial court of the existence of California litigation until after the case was dismissed for want of prosecution. Given these facts, we conclude the trial court did not abuse its discretion in dismissing WMC's claims for want of prosecution under its inherent power to control its docket. Because we conclude the trial court properly dismissed this case under its inherent power, it is unnecessary for us to address WMC's challenges to the trial court's dismissal under rule 165a.

We affirm the trial court's judgment.