NO. 07-11-00232-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 3, 2012

---

MICHAEL SCOTT, APPELLANT

v.

KEITH O'DELL, JOHN MCSMITH, DONALD EDWARDS,
RUSTY HOPKINS, TOMMY NEW, OLSO ESSIEN,
JIM GLOVER, TIMOTHY CRAWFORD AND
OFFICER MARTINEZ, APPELLEES

---

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 90,818-C; HONORABLE ANA ESTEVEZ, JUDGE

---

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

The motion for rehearing of appellant Michael Scott is denied. As his motion for rehearing was timely filed, we dismiss as moot the accompanying motion for extension of time. We withdraw our opinion and judgment of June 13, 2012, and substitute the following.

Appellant Michael Scott, appearing *pro se*, contends the trial court abused its discretion by conducting the hearing on his motion to reinstate a case[1] dismissed for want of prosecution at a time after the motion was overruled by operation of law. We will affirm the judgment of the trial court.

On October 21, 2010, the trial court gave written notice of its intention to dismiss the case pending as cause no. 90,818-C for want of prosecution pursuant to Rule of Civil Procedure 165a. The case was dismissed by written order signed March 9, 2011. On April 11, 2011, Scott filed a motion to reinstate the case. The trial court conducted a hearing on the motion on June 15, 2011. Scott appeared at the hearing by telephone. After the hearing, the trial court denied Scott's motion to reinstate by written order signed June 15, 2011. This appeal followed.

Scott presents a single issue. He argues the trial court abused its discretion by not conducting a hearing on his motion to reinstate within seventy-five days of March 9, 2011.

After dismissal of a case for want of prosecution under Rule of Civil Procedure 165a, the plaintiff may file a motion to reinstate the case within thirty days of the date the order of dismissal is signed. Tex. R. Civ. P. 165a(3). If the motion to reinstate is not decided by a written order signed within seventy-five days after the order of dismissal was signed, the motion to reinstate is deemed overruled by operation of law. *Id.*

---

[1] The case was one of three filed by Scott and pending in the 251st District Court, cause numbers 90,231-C, 90,818-C and 94,561-C. The trial court dismissed all three at the same time, and Scott has appealed all three dismissals. In this court, the appeals carry numbers 07-11-00231-CV, 07-11-0232-CV and 07-11-0233-CV. Scott asserts the same appellate issue in each appeal. For clarity and convenience we issue three opinions, but the opinions are identical in substance.

Regardless whether an appeal is filed, the trial court retains plenary power to reinstate the case until 30 days after the motion to reinstate is overruled by signed written order or operation of law, whichever occurs first. *Id.*

In the absence of a signed written order, Scott's motion to reinstate was deemed overruled by operation of law on the seventy-fifth day following March 9, that is May 23. However, the trial court retained plenary power to reinstate each case for thirty days following the date the motion to reinstate was overruled by operation of law. Within this thirty-day period, the trial court conducted a hearing on Scott's motion and then denied it by written order signed before the lapse of its plenary power.

A trial court must conduct an oral hearing of a motion to reinstate when the motion is timely filed and presented in proper form. Tex. R. Civ. P. 165a(3); *Thordson v. Houston,* 815 S.W.2d 550 (Tex. 1991) (per curiam). However, it is not error to conduct the hearing on a motion to reinstate after the motion is deemed overruled by operation of law but at a time before the lapse of the trial court's plenary power to reinstate the case. *See WMC Mortg. Corp. v. Starkey,* 200 S.W.3d 749, 752 (Tex.App.--Dallas 2006, pet. denied) (citing *Polk v. Southwest Crossing Homeowners Ass'n,* 165 S.W.3d 89, 92-93, 95 (Tex.App.--Houston--[14th Dist.] 2005, pet. denied)) ("[T]he trial court can conduct its hearing on the motion to reinstate during the thirty-day period of plenary power after the motion has been denied"). Moreover, even if Scott's theory had any merit, his issue on appeal became moot when the trial court conducted a hearing on the motion prior to the lapse of its plenary power.

Scott's sole issue is overruled.  The judgment of the trial court is affirmed.


James T. Campbell
Justice