**AFFIRMED; Opinion Filed July 15, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00818-CV

## SHABANA J. MOHAMMED, Appellant
## V.
## HOST HOTELS & RESORTS, L.P., and MARRIOTT HOTEL SERVICES, INC., Appellees

On Appeal from the County Court at Law No. 5
Dallas County, Texas
Trial Court Cause No. CC-10-05771-E

### MEMORANDUM OPINION

Before Justices Moseley, Bridges, and Lang-Miers
Opinion by Justice Moseley

Shabana J. Mohammed appeals the trial court's judgment dismissing, for want of prosecution, her claims against appellees Host Hotels & Resorts, L.P., and Marriott Hotel Services, Inc. In two issues, she contends the trial court abused its discretion by signing the order of dismissal and by denying her motion to reinstate. The background of the case is well known to the parties; thus, we do not recite it here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. For the following reasons, we reject appellant's two issues and affirm the trial court's judgment.

### PROCEDURAL BACKGROUND

On August 23, 2010, Mohammed sued three entities that are not parties to this appeal,

Hyderabad Society of North Texas, Marriott International, Inc. ("International") and Rizwan Shaikh. She alleged they were responsible for personal injuries she sustained exactly two years earlier while at the Dallas/Addison Marriott Quorum hotel. Shaikh and International filed answers;[1] International's answer alleged, among other things, that it was not liable in the capacity in which it was sued, that there was a defect in parties, and that it did not do business under the assumed name alleged in Mohammed's petition.

On August 5, 2011, almost a year after Mohammed filed suit, International filed a motion for summary judgment. On October 18, 2011, the trial court signed an interlocutory summary judgment in favor of International. Approximately one month later, Shaikh filed an "agreed" motion seeking to designate appellees Host and Marriott Hotel as responsible third parties. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004. (Apparently the "agreement" was between Shaikh and Mohammed.) The trial court granted Shaikh's motion on December 1, 2011. Apparently in anticipation of that ruling, Mohammed filed an amended petition the day before to add Host and Marriott Hotel as defendants; however, citations for serving the new parties were not issued until February 8, 2012.

The trial court had set the case for jury trial on March 19, 2012. (It is unclear when the trial court notified the parties of this setting.) However, on March 8—eleven days before the scheduled trial date—Mohammed non-suited her claims against Shaikh and filed a motion for continuance of the trial setting. In her motion, she stated that Hyderabad, Host, and Marriott Hotel had not been served with citation and that she needed additional time to serve them. With

---

[1] Apparently Hyderabad was not served and did not appear in the trial court. Hyderabad has not appeared in this Court. Absent an appearance or lawful service of process, personal jurisdiction was never invoked over Hyderabad. *See In re Green Oaks Hosp. Subsidiary, L.P.*, 297 S.W.3d 452, 455–56 (Tex. App.—Dallas 2009, orig. proceeding); *Bird v. Kornman*, 152 S.W.3d 154, 160 (Tex. App.—Dallas 2004, pet. denied); *see also* Tex. R. Civ. P. 120, 124.

respect to all three parties, she did not indicate why they had not been served or what efforts she had undertaken to serve them. With respect to Host and Marriott Hotel, she did not indicate why they were not named in the original petition in 2010, why they were not added as parties until November 2011, or why she did not have citation issued for their service until February 8, 2012. Neither did she indicate any other activities she had undertaken to move the case along.

On March 19, the trial court dismissed the case for want of prosecution. On March 27 Mohammed filed a motion to reconsider; among other things, she stated that Host and Marriott Hotel had been served, but that their answers were not yet due. (She also stated that Hyderabad had never been served.) Other than that, her motion to reconsider added nothing to her prior motion with respect to her efforts to prosecute her case.

The trial court denied Mohammed's motion after a hearing and "consideration of the record and arguments of counsel . . .." The reporter's record indicates no evidence was presented at the hearing.

## DISCUSSION

In her first issue, Mohammed contends the trial court erred by dismissing her case for want of prosecution. In her second issue, she contends the trial court erred in denying her motion to reinstate. We review a dismissal for want of prosecution under an abuse of discretion standard. *See Franklin v. Sherman Indep. Sch. Dist.*, 53 S.W.3d 398, 401 (Tex. App.—Dallas 2001, pet. denied). We employ the same standard in reviewing the denial of a motion to reinstate. *Id.* A trial court abuses its discretion when it acts without reference to any guiding rules or principles; or, stated another way, when it acts in an arbitrary or unreasonable manner. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

A trial court's authority to dismiss a case for want of prosecution stems from two

sources: (1) Texas Rule of Civil Procedure 165a;[2] and (2) the trial court's inherent power. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). As to the latter source, the common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute its case with due diligence. *Villarreal*, 994 S.W.2d at 630; *WMC Mortgage Corp. v. Starkey*, 200 S.W.3d 749, 752 (Tex. App.—Dallas 2006, pet. denied). Lack of diligence need not amount to abandonment for a case to be properly dismissed. *WMC Mortgage Corp.*, 200 S.W.3d at 752. In determining whether a party has demonstrated a lack of diligence in prosecuting a claim, a trial court may consider the entire history of the case, including the length of time the case was on file, the extent of activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for delay. *Id.* No single factor is dispositive. *Id.*

In her brief, Mohammed recognizes that we have held that dismissing a case without notice and a hearing does not constitute harmful error if the trial court subsequently conducts a hearing—with notice and with the same burden of proof—on a motion to reinstate. *See Franklin*, 53 S.W.3d at 402–03, and cases cited therein. As a result, she states she "does not urge that the Trial Court's failure to provide a hearing before dismissal under Rule 165a rendered the dismissal reversible error."

Rather, Mohammed's brief asserts she showed good cause for maintaining the case on the court's docket and that she prosecuted her case with due diligence. In support of her assertions, she argues her delay in adding Host and Marriott Hotel resulted from the fact that she could not

---

[2] A trial court may dismiss a case under rule 165a on "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice" or when a case is "not disposed of within the time standards promulgated" by the supreme court. TEX. R. CIV. P. 165a(1), (2). *See* TEX. R. JUD. ADMIN. 6 (requiring judges to ensure, so far as reasonably possible, that civil nonjury cases are brought to trial or final disposition within twelve months from appearance date, and that civil jury cases are brought to trial or final disposition within eighteen months from appearance date).

have joined them "without suffering statute of limitations problems, until a responsible third party designation had been made." In other words, she contends that her delay in adding Host and Marriott Hotel as defendants until Shaikh designated them as responsible third parties constitutes prosecuting her case with due diligence, such as to prevent the trial court from denying her motion for continuance and dismissing her case for want of prosecution.

We need not address whether Mohammed's argument is correct. Even if it is, here Mohammed's motions did nothing to explain the other delays attendant in prosecuting her case. For example, Mohammed never explained why Hyderabad was never served even though it was named as a party in the original suit. Nor did she explain the two-month delay in issuing citation on Host and Marriot Hotel after they were named as responsible third parties. An additional month elapsed before they were served with citation. And at the hearing on her motion to reinstate, she presented no evidence explaining those delays. Reviewing the entire record, and considering the unexplained delays and long periods of inactivity, we conclude Mohammed has not shown the trial court abused its discretion by dismissing her suit for want of prosecution and denying her motion to reinstate. *See Welborn v. Ferrell Enters., Inc.*, 376 sw3d 902, 907–08 (Tex. App.—Dallas 2012, no pet.) (unexplained delays, long periods of inactivity, and entire record showed trial court acted in accordance with guiding rules and principles when it denied motion to reinstate).

For these reasons, we reject Mohammed's two issues. We affirm the trial court's judgment.

/Jim Moseley/
JIM MOSELEY
JUSTICE

120818F.P05

−5−



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SHABANA J. MOHAMMED, Appellant

No. 05-12-00818-CV        V.

HOST HOTELS & RESORTS, L.P., AND
MARRIOTT HOTEL SERVICES, INC.,
Appellee

On Appeal from the County Court at Law
No. 5, Dallas County, Texas
Trial Court Cause No. CC-10-05771-E.
Opinion delivered by Justice Moseley.
Justices Bridges and Lang-Miers
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees HOST HOTELS & RESORTS, L.P., AND MARRIOTT HOTEL SERVICES, INC. recover their costs of this appeal from appellant SHABANA J. MOHAMMED.

Judgment entered this 15th day of July, 2013.

/Jim Moseley/
JIM MOSELEY
JUSTICE