**Affirmed and Opinion Filed October 7, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01330-CV

**GREEN MOUNTAIN ENERGY COMPANY, Appellant**
**V.**
**KULWANT KELA AS PRESIDENT/DIRECTOR IN HIS INDIVIDUAL CAPACITY OF REGENCY HOTEL, Appellee**

**On Appeal from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-15-05892-A**

## MEMORANDUM OPINION

Before Justices Bridges, Molberg, and Partida-Kipness
Opinion by Justice Partida-Kipness

Appellant Green Mountain Energy Company ("Green Mountain") appeals the trial court's September 25, 2018 dismissal of the underlying proceeding for want of prosecution. Finding no abuse of discretion, we affirm the judgment.

### Background

Green Mountain maintains that Sal Mendoza and Kulwant Kela entered and executed a "Small CI-Fixed Commodity Plan – 36 months Agreement" ("the Agreement") with Green Mountain for the delivery of goods and services to the Regency Hotel in Dallas. On November 20, 2015, Green Mountain sued Mendoza and Kela for suit on a sworn account, quantum meruit, and breach of contract related to the Agreement. Green Mountain non-suited Mendoza on March 24, 2016, moved for summary judgment against Kela on May 2, 2016, and moved for default

judgment against Kela on June 12, 2017. The trial court heard the summary judgment motion on March 24, 2017, and heard the default judgment motion on June 16, 2017, but did not rule on either motion. Following the June 16, 2017 hearing, Green Mountain took no action in the case for nearly a year. The trial court set a dismissal hearing for May 25, 2018. In response, Green Mountain filed a motion for continuance on May 24, 2018. The clerk's record does not include an order on the motion for continuance, and the trial court's docket sheet does not show a ruling on the motion. The record shows that the following occurred between May 24, 2018 and the trial court's September 25, 2018 dismissal order:

| | |
|---|---|
| May 25, 2018 | Dismissal hearing held. |
| | Motion for default judgment denied. |
| June 19, 2018 | Notice letter sent setting case for a dismissal hearing on July 20, 2018 at 9:00 a.m. "pursuant to Rule 165A." |
| July 19, 2018 | Green Mountain files Motion in Opposition to Dismissal and Verified Motion to Retain and re-urges its motion for summary judgment. |
| July 20, 2018 | Dismissal hearing held. |
| | Green Mountain files its "First Amended Motion in Opposition to Dismissal and Verified Motion to Retain," amending the July 19 motion and referencing that a dismissal hearing is set for July 20, 2018 at 9:00 a.m. |
| July 31, 2018 | Notice letter sent setting case for a dismissal hearing on August 31, 2018 at 9:00 a.m. "pursuant to Rule 165A." |
| August 31, 2018 | Final dismissal hearing held. |
| September 25, 2018 | Dismissal order signed as to Kela. |

The September 25, 2018 dismissal order states that the case was dismissed for the following reasons:

```
(X)   Failure to take action after notice of intent to dismiss for
      want of prosecution. (IN ACCORDANCE WITH RULE 165A LETTER)

(X)   Dismiss for Want of Prosecution.
```

Green Mountain filed its notice of appeal on October 25, 2018.

## Applicable Law

We review a trial court's dismissal for want of prosecution under an abuse of discretion standard. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); *WMC Mortg. Corp. v. Starkey*, 200 S.W.3d 749, 752 (Tex. App.—Dallas 2006, pet. denied). A trial court abuses its discretion when it acts arbitrarily or unreasonably, or without reference to any guiding rules and principles of law. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985); *WMC Mortg.*, 200 S.W.3d at 752.

A trial court's authority to dismiss a case for want of prosecution stems from two sources: (1) the court's inherent authority under common law; and (2) Texas Rule of Civil Procedure 165a. TEX. R. CIV. P. 165a; *Villarreal*, 994 S.W.2d at 630. A court may dismiss pursuant to rule 165a when a party seeking affirmative relief fails to appear for any hearing or trial of which the party had notice, or when a case is not disposed within the Supreme Court of Texas' time standards. TEX. R. CIV. P. 165a(1),(2); *Villarreal*, 994 S.W.2d at 630. Regardless of the basis for the dismissal, due process requires that the party be provided with notice and an opportunity to be heard before a trial court may dismiss a case for want of prosecution. *Villarreal*, 994 S.W.2d at 630–31; *Franklin v. Sherman Indep. Sch. Dist.*, 53 S.W.3d 398, 401 (Tex. App.—Dallas 2001, pet. denied). The notice must advise the party of the basis for the potential dismissal. *Boulden v. Boulden*, 133 S.W.3d 884, 886 (Tex. App.—Dallas 2004, no pet.).

## Discussion

Green Mountain brings two issues on appeal. We will address each issue in turn.

In issue one, Green Mountain argues that the trial court abused its discretion by dismissing the lawsuit without first ruling on Green Mountain's motion for summary judgment or motion for default judgment. We find no abuse of discretion here because Green Mountain failed to take action in the case following notice of the August 31, 2018 dismissal hearing. Green Mountain makes no allegation regarding lack of notice of the August 31, 2018 dismissal hearing, and offers no proof of non-receipt of notice. Further, the record shows the trial court sent notice of that hearing to Green Mountain's counsel of record thirty-one days before the hearing date. We, therefore, presume that it received notice of the dismissal hearing. *See Am. Paging of Texas, Inc. v. El Paso Paging, Inc.*, 9 S.W.3d 237, 240 (Tex. App.—El Paso 1999, pet. denied). The notice letter informed Green Mountain that the case was set for a dismissal hearing on August 31, 2018 at 9:00 a.m. "pursuant to Rule 165A." The trial court's stated reasons for dismissal was Green Mountain's "failure to take action after notice of intent to dismiss for want of prosecution (IN ACCORDANCE WITH RULE 165A LETTER)" and "Dismiss for Want of Prosecution."

The record confirms Green Mountain took no action after the court sent its July 31, 2018 notice of its intent to dismiss the case for want of prosecution. Green Mountain filed no documents in the trial court after the court sent the July 31, 2018 notice letter or during the twenty-six day period between the dismissal hearing and the September 25, 2018 dismissal order. Green Mountain has not provided the Court with a transcript of the August 31, 2018 hearing and has not informed us whether it appeared at that hearing. Under this record, Green Mountain has not shown the trial court abused its discretion by dismissing the case for the reasons stated in the dismissal order.

Green Mountain's allegation that the trial court failed to rule on the motion for default judgment and motion for summary judgment does not change this analysis. Green Mountain's own filings below show that the trial court denied the motion for default judgment at the May 25,

2018 dismissal hearing. As for the motion for summary judgment, Green Mountain has not filed a transcript of the May 25 or July 20 dismissal hearings. We, therefore, cannot determine whether the trial judge took any action on the motion for summary judgment at those hearings. But even assuming Green Mountain re-urged the motion for summary judgment at those hearings and the trial judge refused to rule on the motion, the record includes no objection to that refusal to rule. Green Mountain, therefore, has not preserved error on this issue. TEX. R. APP. P. 33.1(a)(2). Although we generally disapprove of a trial court waiting more than a year to rule on a summary judgment motion, such a delay in ruling does not excuse a litigant from appearing at a court-ordered dismissal hearing.

In its second issue, Green Mountain argues that it was entitled to judgment as a matter of law on its suit on a sworn account because Kela filed an unverified answer. Green Mountain asserts that the trial court erred by failing to take judicial notice of the Agreement and the unverified answer and asks this Court to remand to the trial court with instructions to grant the motion for summary judgment or motion for default judgment based on the unverified answer on the sworn account claim. The record includes no request that the court take judicial notice and no objection to the alleged failure to take judicial notice. Green Mountain, therefore, has not preserved error on this issue. TEX. R. APP. P. 33.1(a)(2). We overrule issue two.

Under this record, we conclude the trial court did not abuse its discretion by dismissing the case for want of prosecution. Accordingly, we affirm the trial court's judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

181330F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GREEN MOUNTAIN ENERGY
COMPANY, Appellant

No. 05-18-01330-CV     V.

KULWANT KELA AS
PRESIDENT/DIRECTOR IN HIS
INDIVIDUAL CAPACITY OF REGENCY
HOTEL, Appellee

On Appeal from the County Court at Law
No. 1, Dallas County, Texas
Trial Court Cause No. CC-15-05892-A.
Opinion delivered by Justice Partida-
Kipness. Justices Bridges and Molberg
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee KULWANT KELA AS PRESIDENT/DIRECTOR IN HIS
INDIVIDUAL CAPACITY OF REGENCY HOTEL recover his costs of this appeal from
appellant GREEN MOUNTAIN ENERGY COMPANY.

Judgment entered this 7th day of October, 2019.